IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WOODROW H. LEVIN, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| GENESIS GLOBAL CAPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Woodrow H. Levin, by and through his undersigned attorney, complains and alleges as follows against Genesis Global Capital, LLC:

## PARTIES

1. Woodrow H. Levin ("Mr. Levin" or "Plaintiff") is an individual domiciled in California with a residence in Illinois.

2. Defendant Genesis Global Capital, LLC ("Genesis" or "Defendant") is a Delaware limited liability corporation with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000 and plaintiff and defendant are citizens of different states in that Plaintiff, Mr. Levin, is domiciled in California with a residence in Illinois, and Defendant is a corporation with its principal places of business in New Jersey.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c), and (d) because a substantial part of the events or omissions giving rise to this Complaint occurred in

1

this District and Defendant transacts business in this District and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

5. This Complaint arises out of a contractual agreement between Mr. Levin and Defendant, Defendant's breach of that agreement, and Defendant's unlawful conversion of Mr. Levin's property.

6. Specifically, on or about March 31, 2021, Mr. Levin entered into a Master Borrow Agreement (the "Agreement") with Genesis. Pursuant to the terms and conditions set forth in the Agreement, Mr. Levin agreed to lend U.S. Dollars or Digital Currency to Genesis and, in return, Genesis agreed to pay interest on the loan ("loan fee") and return the loaned assets upon termination of the Agreement.

7. Pursuant to the Agreement, Mr. Levin and Defendant signed two Loan Term Sheets. The first Loan Term Sheet was dated March 31, 2021 (the "March 2021 Term Sheet"), and contained three separate lending terms - one for $1,000,000 USD, one for 1000 ETH, and one for 100 Bitcoin. Genesis has repaid Mr. Levin the loan balance on the USD loan as well as the ETH loan.

8. The second Loan Term Sheet was dated October 4, 2022 (the "October 2022 Term Sheet") and contained a single lending term for 103.79 Bitcoin - which was comprised of the original 100 Bitcoin Mr. Levin lent to Genesis in the March 2021 Term Sheet as well as the interest earned between March 31, 2021, and October 4, 2022, on the 100 Bitcoin.

9. Pursuant to Section XXIII ("Term and Termination") of the Agreement, the term of the Agreement "may be terminated as set forth in Section VIII **or upon 30 days' notice by either Party to the other**" and "[i]n the event of a termination of [the] Agreement, **any Loaned**

2

**Assets [] shall be redelivered immediately and any fees owed shall be payable immediately**." Pursuant to Section I ("Definitions") of the Agreement, "Loaned Assets" means, in relevant part, "any Digital Currency [] amount transferred in a Loan hereunder until such Digital Currency [] is transferred back to the Lender hereunder . . ."

10. On or about November 20, 2022, pursuant to Sections XXIII and XIII ("Notices") of the Agreement, Mr. Levin provided notice of termination of the Agreement and demanded Genesis repay Mr. Levin's original lending collateral – the 103.79 Bitcoin - "immediately" and pay Mr. Levin's outstanding loan fee "immediately" as well. In addition, pursuant to Section II(c)(i) of the Agreement ("Loan Repayment Procedure"), Mr. Levin provided Genesis with a digital currency address where it could return the outstanding Loaned Assets. On or about November 20, 2022, Genesis acknowledged receipt of the termination notice.

11. Therefore, pursuant to Mr. Levin's written termination notice and Section XXIII of the Agreement, the Agreement terminated on or about December 19, 2022.

12. Despite Mr. Levin's termination notice and the Agreement's contractual requirement that Genesis return Mr. Levin's Loaned Assets "immediately," thirty days following a notice of termination – December 19, 2022, Genesis has not returned Mr. Levin's Loaned Assets.

13. Mr. Levin now brings the instant Complaint to recover his originally loaned collateral – 103.79 Bitcoin, as well as all allowable interest, late fees, attorney's fees, and costs as permitted by law.

## CLAIMS FOR RELIEF

## COUNT I

### Breach of Contract

14. Mr. Levin realleges and incorporates all of the preceding paragraphs as though fully set forth in this cause of action.

15. On or about March 31, 2022, Mr. Levin entered into a written lending agreement with Genesis – the Agreement.

16. Mr. Levin performed under the Agreement: On or about October 4, 2022, pursuant to the October 2022 Term Sheet, Mr. Levin lent Genesis 103.79 Bitcoin.

17. On or about November 20, 2022, pursuant to Section XXIII of the Agreement Mr. Levin provided notice of termination of the Agreement. Pursuant to Mr. Levin's notice of termination and Section XXIII of the Agreement, the Agreement terminated 30 days later – on or about December 19, 2022.

18. Pursuant to Section XXIII of the Agreement, Genesis was required to return Mr. Levin's Loaned Assets – the 103.79 Bitcoin – and pay all fees owed "immediately" upon the date of termination – December 19, 2022.

19. Genesis has failed to return Mr. Levin's 103.79 Bitcoin as required under the Agreement and has failed to pay any and all outstanding loan fees and late fees as required under the Agreement.

20. Genesis's breach of the Agreement has directly caused significant damages to Mr. Levin – which were foreseeable and known by Genesis, and for which Genesis is now liable.

## COUNT II

### Conversion

21. Mr. Levin realleges and incorporates all of the preceding paragraphs as though fully set forth in this cause of action.

22. Pursuant to the Agreement and the October 2022 Term Sheet, Mr. Levin lent Genesis 103.79 Bitcoin.

23. On or about November 20, 2022, pursuant to the Agreement, Mr. Levin provided 30 days' notice of termination of the Agreement to Genesis and, in relevant part, demanded Genesis return Mr. Levin's 103.79 Bitcoin. On or about November 20, 2022, Genesis acknowledged receipt of the notice of termination.

24. Pursuant to Mr. Levin's notice of termination and the Agreement, the Agreement terminated on or about December 19, 2022, and, in relevant part, Genesis was required to return Mr. Levin's 103.79 Bitcoin "immediately."

25. Genesis has failed to return Mr. Levin's 103.79 Bitcoin and is knowingly exercising unauthorized, wrongful control of Mr. Levin's property.

### PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff Woodrow H. Levin requests that judgment be entered against Genesis and that the Court grant the following:

27. Repayment of Mr. Levin's Loaned Assets;

28. Payment of all interest on the loan, loan fees and late fees, as permitted by law;

29. Pre- and post-judgment interest, as permitted by law;

30. Reasonable attorneys' fees and costs reasonably incurred;

31. Any and all other and further relief to which Mr. Levin may be entitled.

## **JURY DEMAND**

32. Mr. Levin demands a jury trial on all claims.

Dated: December 24, 2022          Respectfully submitted,


                               By: /s Jennie Levin
                                   JENNIE LEVIN
                                   Attorney for Plaintiff Woodrow H. Levin